Gary B. MAUSER, Plaintiff,

v.

RAYTHEON COMPANY PENSION PLAN FOR SALARIED EMPLOYEES and Raytheon Company, Defendant.

No. Civ.A. 97–10215–WGY.

United States District Court, D. Massachusetts.

April 20, 1999.

---

Kevin G. Powers, Boston, MA, Neil M. Frank, Farmingdale, NY, Christopher T. Borruso, Ralph A. Somma, Frank & Breslow, L.L.P., Farmingdale, NY, for Gary B. Mauser, plaintiff.

Michael P. DeFanti, Hinckley, Allen, Snyder & Comen, Providence, RI, Willard Krasnow, Hinckley, Allen & Snyder, Boston, MA, for defendants.

*MEMORANDUM AND ORDER*

YOUNG, Chief Judge.

## I. INTRODUCTION

After a bench trial on November 16, 1998, this Court ruled in the instant case that the Summary Plan Description of the Raytheon Company Pension Plan for Salaried Employees did not comply with the disclosure requirements of the Employee Retirement and Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq., because it failed adequately to describe pension benefits for "break-in-service" employees. Moreover, the Court held that Gary Mauser ("Mauser"), a break-in-service employee and the plaintiff in this action, relied on the inaccurate description to his detriment. After ruling in favor of Mauser, the Court took the matter of remedy under advisement.

## II. BACKGROUND

From 1966 until 1980, Mauser was employed by the defendant, Raytheon Company ("Raytheon"). Mauser participated in Raytheon's pension plan (the "Plan") during that period and, at some point, became fully vested. Throughout the period, the Plan required members to make periodic contributions to receive a defined benefit. The benefit at that time was determined under the Career Average Salary Formula (the "Career Formula").

In 1980, Mauser voluntarily terminated his employment with Raytheon. When he left, Mauser withdrew his contributions to the Plan. Raytheon thereafter amended the Plan such that pension benefits were determined under the Final Average Salary Formula (the "Final Formula"). In 1987, Mauser returned to Raytheon's employ. At that time, in addition to describing the Final Formula, the Summary Plan Description (the "Summary") stated:

> [I]f you leave the company and are away longer than 12 months, ... the service you had before you left ... *will be counted* when you have completed a year of service after you return if ... [y]ou were vested when you left [or][y]our time away is less than the service you had before you left.

Ex. 2 at 14. (emphasis added). The Summary did not, however, describe *how* the prior service would be counted. Although the Plan itself indicated that a break-in-service employee's prior service would be calculated under the Career Formula, this Court determined at trial that the Summary was (i) misleading, (ii) controlling, and (iii) relied upon by Mauser.

## III. CALCULATION OF BENEFITS

None of the cases affirmatively cited by Raytheon in its post-trial brief can fairly

be applied to the circumstances of this action. In each of those cases, the court refused to supply the plaintiff with a remedy because there had been no showing of significant reliance upon or possible prejudice resulting from a violative summary description. *See Bachelder v. Communications Satellite Corp.*, 837 F.2d 519, 523 (1st Cir.1988); *Govoni v. Bricklayers, Masons & Plasterers*, 732 F.2d 250, 252–253 (1st Cir.1984). Here, the Court has found reliance and will not revisit the issue.

■ At the same time, the cases cited affirmatively by Mauser are equally inapplicable. In those cases, while plaintiffs relied to their detriment on a statement in a summary description, that description *directly* conflicted with a statement in the corresponding plan. *See Hansen v. Continental Ins. Co.*, 940 F.2d 971, 980–82 (5th Cir.1991) (summary indicated plaintiff was entitled to sixty per cent while plan allowed only forty per cent); *Heidgerd v. Olin Corp.*, 906 F.2d 903 (2nd Cir.1990) (summary indicated that plaintiff would receive no benefits if he *refused* job offer from a company purchasing employer while plan indicated that plaintiff would receive no benefits if member *took* offer from purchasing company). Here there was an omission rather than an ambiguity [1] and this Court may not, as Mauser argues, construe the plan against its draftor. The First Circuit has held that construing ambiguous terms against their drafter, known as the doctrine of "contra proferentem," generally does not apply in ERISA disputes. *See Rodriguez–Abreu v. Chase Manhattan Bank, N.A.*, 986 F.2d 580, 586 (1st Cir.1993) ("[I]n the ERISA context, we generally do not construe ambiguous terms against the drafter."); *Allen v. Adage, Inc.*, 967 F.2d 695, 701 (1st Cir.1992)

("[I]n most ERISA cases, resort to contra proferentem contradicts the combined principles of the law of trusts and de novo review.").[2]

■ Since precedent is not helpful, this Court must determine a remedy that is fair and equitable under the circumstances. To that end, the Court rules that Mauser shall, within 30 days of the date of the judgment herein, be permitted to redeposit the contributions (with interest at seven per cent per annum) that he withdrew from the Plan after his first period of service. After such redeposit, Raytheon shall pay Mauser the full benefit due him under the Career Formula for his first period of employment, i.e., 1966 until 1980. Further, Raytheon shall pay Mauser benefits due him for his second period of employment, i.e., 1988 until his retirement, under the Final Formula.

Anticipating this result, Mauser has argued that this decision renders his lawsuit "entirely superfluous." Not so. Permitting Mauser to redeposit his contributions goes beyond what is provided under the Plan, *see* Plan, Art. IVC, and restores Mauser equitably to the status he would have enjoyed had his reliance interest been fulfilled.

## IV. STATUTORY PENALTIES

In his post-trial brief, Mauser asks this Court to impose statutory penalties against Raytheon for refusing to provide information concerning benefits in response to Mauser's requests starting in 1990. Under 29 U.S.C. § 1132(c):

Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a

---

**1.** Mauser also cites *Boland v. Chrysler Corp.*, 933 F.2d 1007 (6th Cir.1991), which comes close to the mark. In *Boland*, the district court held that the plaintiff had relied upon a summary description that failed to mention a two-year survival requirement that was laid out in the corresponding plan. That finding, however, was not challenged on appeal to the Sixth Circuit. Moreover, the *Boland* court

offered little guidance as to what the appropriate remedy would be in such a case.

**2.** Ambiguous terms in an insurance plan, however, should be strictly construed against the insurer. *See Hughes v. Boston Mutual Life Ins. Co.*, 26 F.3d 264, 268 (1st Cir.1994).

participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Although Mauser did not include a count for penalties under section 1132(c) in his complaint, he argues that such a cause of action should be inferred pursuant to Fed. R.Civ.P. 15(b) to conform to evidence presented at trial.

■ Although Mauser might have had a very strong case for the imposition of fines had he included the section 1132(c) claim in his complaint, he cannot fairly attempt to add it now. First Circuit precedent permits a cause of action to arise pursuant to Fed.R.Civ.P. 15(b) "if, during the trial, a party acquiesces in the introduction of evidence which is relevant *only* to that issue." *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1172 (1st Cir.1995) (quoting *DCPB, Inc. v. City of Lebanon,* 957 F.2d 913, 917 (1st Cir.1992). Without doubt, Mauser's introduction of Raytheon's failure to supply pension benefit calculations until 1995 was relevant to whether Mauser relied on the Summary's description of determining benefits for break-in-service employees. Since reliance is a key element of ERISA disclosure violations, *see Bachelder,* 837 F.2d at 522–23, Raytheon could not have been expected to know that "a new issue was infiltrating the case," *DCPB,* 957 F.2d at 917. Consequently, this Court denies Mauser's request to amend to add a claim under section 1132(c).

## V.  JUDGMENT

Within fifteen days of the date of this order, the parties are to file a proposed form of judgment in accordance with this decision.